No. 2--05--1115      Filed: 1-17-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 97--CF--643 |
| RONNIE L. DAVIS, | ) ) ) | Honorable John T. Phillips, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Ronnie L. Davis, appeals the trial court's second-stage dismissal of his petition, filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2002)), in which he argued, inter alia, that his trial counsel was ineffective for failing to bring forward what he claims was potentially exculpatory testimony from a witness to the incident that led to defendant's conviction. For the reasons that follow, we affirm.

I. BACKGROUND

Defendant was convicted of unlawful possession of a controlled substance and armed violence in connection with an incident in 1997, in which police entered a home in pursuit of a fleeing suspect and discovered defendant with drugs and a handgun in his possession. Defendant appealed, and this court affirmed his conviction, but remanded the cause for resentencing. People v. Davis, No. 2--97--1096 (1999) (unpublished order under Supreme Court Rule 23). Defendant's

sentence was reduced on remand, and he again appealed. On appeal, this court affirmed his 24-year sentence for armed violence, but vacated the conviction of unlawful possession of a controlled substance. People v. Davis, No. 2--99--1247 (2001) (unpublished order under Supreme Court Rule 23). On October 2, 2002, our supreme court denied defendant's subsequent petition for leave to appeal. People v. Davis, 201 Ill. 2d 583 (2002).

On November 3, 2003, defendant petitioned pro se for postconviction relief under the Act. The trial court appointed counsel to represent defendant, and, on February 18, 2005, counsel filed supplements to the petition. The supplemented petition alleged, among other things, that defendant had been deprived of his right to effective assistance of counsel by his trial counsel's failure to interview, or call to testify, a witness who would have offered testimony that aided his case. Defendant knew of the witness's presence at the scene, but he did not obtain her affidavit until February 2005.

The affidavit stated, in pertinent part:

"I *** state that myself and [defendant] were at my grandmother's house ***. Sometime during that time in the afternoon the police arrived at my grandmother[']s house and proceeded inside very quickly and saying [sic] that someone that they were chasing ran into our house. *** We told them no one had ran [sic] into our house and asked them to leave. They then turned they're [sic] attention to [defendant] and asked him to take his hands out of his pocket [sic][.] We asked them to leave once more and they continued to tell [defendant] to take his hands out of his pocket [sic][.] [H]e wouldn't and they immediately restrained him, and hit him then arresting [sic] him and taking [sic] him away. Before they took him there was a *** silver gun on the floor of the kitchen[.] I picked it up, the police

grabbed me and my arm and took the gun away from me. I then told them I was picking it up for everyone[']s safety and I never saw that gun again. I can verify that [defendant] had never left the house since we arrived two or three hours earlier. No one ever contacted me for a statement and I was never called to testify during [defendant's] trial. I never saw [defendant] with the gun. I don't know where the gun came from and I had never seen it before."

Defendant's original petition asserted that any delay in filing the petition was not due to his culpable negligence, because defendant had only recently learned that no charges were filed against the suspect whom police pursued into the house where they encountered defendant.

The State moved to dismiss defendant's postconviction petition on the grounds that the petition was untimely, that it made no substantial showing of a constitutional violation, that the allegations in the petition had been waived for failure to raise them in the direct appeal of defendant's conviction, and that the petition did not properly cite the Act. Defendant's reply to the State's motion to dismiss argued that the delay in his filing his postconviction petition was not due to his culpable negligence, because the prison library had been closed during the relevant time period. Defendant filed an affidavit saying that he had no access to the library for the first year of his incarceration; however, the State responded with an affidavit from a prison librarian refuting this claim.

On October 27, 2005, the trial court held a hearing on the State's motion to dismiss. At the hearing, defendant testified on his own behalf. He explained that he did not file his petition within the time limit under the Act because he "thought that [he] had three years to file," and he noted that he did not have legal counsel at the time. At the conclusion of defendant's testimony, the court heard

arguments from both sides. The State argued that the petition was untimely, that it failed to make a substantial showing of a constitutional violation, and that defendant's arguments were barred by waiver. Defense counsel responded to the timeliness argument by conceding that defendant's petition was not timely, but asked the trial court to allow the petition to proceed "based on the nature of the petition and in the interest of justice."

The trial court granted the State's motion to dismiss defendant's postconviction petition. It stated in open court that, "after considering [the] State's argument, the Court would find [the State's motion to dismiss] to be valid in two respects, and, that is, certainly that the petition is time barred." The trial court continued:

"Even with the amendment that was made it does not get beyond the Defendant's culpable negligence. The fact that he's alleging here today that he thought that it was three years after that he had is not an excuse to get beyond that culpable negligence so it was not timely filed."

The trial court also agreed with the State that defendant's argument concerning the new witness had been waived for failure to assert it on direct appeal.

In its written order, the trial court stated that the petition was "untimely filed due to [defendant's] own culpable negligence and barred by doctrine [sic] of waiver." Defendant timely appealed.

## II. APPELLATE DEFENDER'S ADVOCACY

Initially, we address the quality of representation provided defendant in this appeal because, in this and another recent case, People v. Teran, 376 Ill. App. 3d 1 (2007), this court has been presented with highly questionable advocacy from appointed appellate counsel from the Third

District State Appellate Defender's Office. In <u>Teran</u>, appellate counsel twice moved to reconsider our denial of his motion for leave to withdraw pursuant to <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), and, in those motions, he asserted that he was not "tempted" to make an argument that this court identified for him as nonfrivolous, in part because his client was "delusional." <u>Teran</u>, 376 Ill. App. 3d at 5. We admonished counsel in <u>Teran</u> for his "remarkable" position. <u>Teran</u>, 376 Ill. App. 3d at 5. This appeal raises a very similar problem.

Defendant's appointed attorney for this appeal, Jay Wiegman of the Third District Office of the State Appellate Defender, filed a <u>Finley</u> motion because he could not identify any nonfrivolous issues to raise on appeal. In his motion, Wiegman asserted that defendant's postconviction petition was untimely and that there was no viable excuse for the delay. The motion discussed only the timeliness issue.

We denied Wiegman's motion to withdraw and directed him to file a brief addressing postconviction counsel's assistance. Wiegman subsequently filed a motion to reconsider our denial of his motion for leave to withdraw. In that motion and an accompanying memorandum, Wiegman argued that postconviction counsel did not provide unreasonable assistance under the Act or Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). Specifically, Wiegman noted that postconviction counsel based his timeliness argument on defendant's mistake of law only after the State had refuted defendant's contention that he had no library access. Wiegman also rebutted the contention that postconviction counsel should have argued that the witness affidavit could have been considered newly discovered evidence. He noted that such argument was unnecessary and, in any event, "the trial court disregarded any timeliness concerns involving this issue, finding instead that [defendant's claim] was waived." Wiegman also asserted that postconviction counsel did not violate Rule 651(c)

or the Act by failing to argue that counsel on direct appeal was ineffective for not raising an argument regarding the new witness. Instead, Wiegman argued that counsel on direct appeal could not have argued the new-witness issue, because the record on appeal did not reveal that issue, and, therefore, counsel on direct appeal could not be considered ineffective.

We denied Wiegman's motion to reconsider. We noted that, if "counsel on direct appeal could not have raised the supplemental claim, the trial court erred in dismissing that claim on the basis of waiver." We thus ordered Wiegman "to file a brief addressing whether, at least as to defendant's [argument regarding the new witness,] the trial court erred in dismissing defendant's petition." Wiegman subsequently filed an appellate brief, the State responded, and Wiegman replied.

Initially, the lone argument Wiegman presented on appeal was his argument that the trial court erred in ruling that defendant's claim regarding the new witness was barred by the doctrine of waiver. Once Wiegman briefed the issue of waiver, the State readily conceded the point because the evidentiary basis for defendant's claim was not contained in the record on direct appeal and, thus, could not have been raised on appeal. See People v. Jones, 364 Ill. App. 3d 1, 5 (2005) ("[w]hen the evidentiary basis for a claim raised in a postconviction petition lies outside the record such that the issue cannot be raised before the reviewing court, the waiver rule may be relaxed, allowing the claim to be presented in a postconviction petition").

Though the State conceded that waiver was an inappropriate basis for dismissing defendant's petition, it raised two additional arguments to support the trial court's decision. First, the State argued that defendant's postconviction petition did not make the necessary showing of a constitutional violation, because the new witness's proposed testimony would not have changed the outcome of the trial (or the pretrial motion to suppress). See People v. Whitfield, 217 Ill. 2d 177,

183 (2005). Wiegman ignored this argument in his initial reply brief. (He also did not address it in either his original Finley motion or his motion for reconsideration.) Second, the State argued that the trial court properly dismissed defendant's petition as untimely under the Act. Wiegman asserted that "[t]he record reveals *** that the State did not argue that the supplemental claim was untimely, and that the trial court did not find this issue untimely" and that "the trial court disregarded any timeliness concerns involving this issue, finding instead that it was waived."

These arguments were patently at odds with the record. We quoted the trial court's ruling above; that ruling could not more plainly invoke untimeliness due to culpable negligence as a bar to defendant's postconviction petition. Further, the ruling makes no distinction between the new-witness issue, which was added via postconviction counsel's supplement to the pro se petition, and the remainder of the petition. Indeed, neither the State nor postconviction defense counsel, nor the trial court for that matter, drew any distinction for timeliness purposes between the new-witness claim and defendant's other claims. Further, even if it were true that the trial court disregarded the timeliness issue, we would still consider it because we may affirm the trial court's dismissal of a petition on any basis shown by the record, even if that basis was rejected by the trial court. People v. Ramirez, 361 Ill. App. 3d 450, 452 (2005), citing People v. Johnson, 208 Ill. 2d 118, 128-38 (2003).

Accordingly, after initial briefing, the quality of Wiegman's representation in this matter left us with grave concerns as to whether defendant had received a fair and meaningful appeal. For example, Wiegman overlooked nonfrivolous arguments when he filed his initial motion to withdraw. In addition, after we denied his motion to withdraw, Wiegman filed a motion to reconsider, not asserting that we made a mistake of law, but, instead, refuting the issues we raised for him in our

denial. Further, the motion to reconsider inexplicably overlooked an obvious problem with the trial court's waiver holding. Wiegman's actual briefing ignored substantial arguments made by the State. Wiegman's brief, and his motion to reconsider, contained the spurious assertion that timeliness was not an issue when the trial court dismissed defendant's petition, even though that assertion ostensibly hurt defendant's case.

What strikes us most about this last mistake is that Wiegman made his assertion as part of an argument against his client. The very rationale for motions to withdraw is that attorneys must not be forced to choose between two ethical duties--their duty to zealously advocate for their clients, and their duty of candor to the court--when those duties conflict. See Anders v. California, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400 (1967) ("[h]is role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw"); People v. Greer, 212 Ill. 2d 192, 205 (2004) (postconviction counsel has an ethical duty not to file frivolous claims). Thus, where an attorney cannot in good faith present an argument on behalf of his or her client, the attorney may withdraw.

Here, Wiegman made inconsistent and inaccurate statements that were against his client's interests in an attempt to be discharged from defendant's case. The fact that Wiegman interpreted the trial court's ruling as he did, when an opposite interpretation was almost unavoidable, gives us the impression that his pursuit was not vindication of his client's interests but, rather, vindication of his interest to be discharged from the case (and, consequently, to have the judgment affirmed). His failure to spot the obvious exception to the waiver rule leaves us with similar doubts. Moreover, Wiegman's failure to respond in his initial reply brief to the State's alternative argument for

affirmance--its assertion that defendant's petition does not establish a constitutional deprivation--further reflects Wiegman's disinterest in zealously pursuing defendant's interests here. Even if the State's argument were correct, Wiegman at no point indicated to us that opposition to the argument would be frivolous or that he had even considered the argument.

Thus, because questions remained after Wiegman's briefing, regarding arguments that he never raised, we ordered Wiegman to address whether postconviction counsel violated Rule 651(c) by failing to avoid waiver and by offering what amounted to an ineffective "mistake of law" excuse for untimeliness when there appeared to be a more feasible argument of newly discovered evidence. We also convened oral argument so that we could fully air our concerns to the parties. After oral argument, we granted defendant leave to file a supplemental brief and the State leave to respond. Both briefs were filed, but Wiegman did not file, or request leave to file, a reply brief, even though the State's brief raised arguments not addressed in Wiegman's supplemental brief. We nevertheless sua sponte granted Wiegman leave to file a reply brief, and he did so.

After reviewing the supplemental briefs, we are now satisfied that defendant has received reasonable assistance from appellate counsel. However, the events here prompt us to observe that all parties in every action have a right to a fair appeal, and it is fundamental to our adversarial process that those appeals be decided with the advice of zealous advocates of both positions. An appellate defense counsel is charged with one principal object: ensuring that the defendant receives a fair appeal. It is only in the most dire circumstances, and with considerable regret, that an appointed attorney should ask to withdraw his or her representation by filing a memorandum outlining the weakness of a client's case. An attorney who files a Finley or Anders motion without

exploring every conceivable argument for a defendant, including nonfrivolous arguments even with little chance of success, disappoints not only the defendant, but also the justice system as a whole.

Counsel's actions here, combined with the actions of another Third District appellate defender in Teran, have raised concerns regarding the quality of representation from that office. We therefore take this opportunity to encourage both bench and bar to exercise diligence to ensure that all parties receive the fairest possible appeals. We also caution that we view Anders and Finley motions as decisions of last resort for defense counsel who cannot, in good faith, represent their clients. Any notion that such a motion has been filed with an eye more toward personal expedience than good faith will be met with disfavor.

### III. THE MERITS OF THIS APPEAL

Now that we have received full briefing in this case and had an opportunity to review the briefs submitted, we are satisfied that defendant has, in the end, received representation sufficient to provide him a fair appeal. We therefore consider his appeal on its merits.

On appeal, defendant argues that the trial court erred in dismissing his supplemental claim on the basis of waiver and that postconviction counsel violated Rule 651(c) by failing to provide a reasonable level of assistance.

### A. Waiver

The Act provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial. People v. Edwards, 197 Ill. 2d 239, 244 (2001). Thus, "[t]o be entitled to postconviction relief, a defendant must demonstrate that he [or she] has suffered a substantial deprivation of his [or her] federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged." Whitfield, 217 Ill. 2d at 183. "Under the Act, a

post[]conviction proceeding not involving the death penalty contains three stages." Edwards, 197 Ill. 2d at 244. "At the first stage, the circuit court must independently review the post[]conviction petition within 90 days of its filing and determine whether 'the petition [should be dismissed because it] is frivolous or is patently without merit.' " Edwards, 197 Ill. 2d at 244, quoting 725 ILCS 5/122--2.1(a)(2) (West 1998). To survive the first stage, a petition need state only the gist of a constitutional claim. People v. Gaultney, 174 Ill. 2d 410, 418 (1996). A petition also survives the first stage if the trial court fails to make a finding that it is frivolous within 90 days, as required under section 122--2.1 of the Act. People v. Vasquez, 307 Ill. App. 3d 670, 672-73 (1999).

If the petition survives the first stage, the defendant moves on to the second stage under the Act, at which the defendant may be appointed counsel. Greer, 212 Ill. 2d at 203-04. This right to postconviction counsel is statutory, not constitutional, and, under the Act, the petitioner is entitled only to a reasonable level of assistance. People v. Pendleton, 223 Ill. 2d 458, 472 (2006). Such reasonable assistance includes compliance with the obligations of Rule 651(c). At the second stage, defendant's counsel may file an amended postconviction petition and the State may file a motion to dismiss or an answer to the petition. Gaultney, 174 Ill. 2d at 418, citing 725 ILCS 5/122--5 (West 1992). If the trial court does not dismiss or deny the petition, the proceeding advances to the third and final stage, at which the trial court conducts an evidentiary hearing on the defendant's petition. Gaultney, 174 Ill. 2d at 418. The petition here was dismissed at the second stage.

One basis for the trial court's second-stage dismissal of defendant's petition was its conclusion that defendant had waived the issues raised in his petition for failure to raise them on direct appeal. However, defendant notes, and the State concedes, that, since the evidentiary basis for defendant's new-witness claim was not contained in the record on direct appeal, the claim could

not have been raised on appeal and, thus, the waiver finding was improper. See Jones, 364 Ill. App. 3d at 5.

Though the State concedes that waiver was an inappropriate basis for dismissing defendant's petition, it raises two additional arguments to support the trial court's decision. We may affirm the trial court's dismissal of a petition on any basis shown by the record, even if that basis was rejected by the trial court. Ramirez, 361 Ill. App. 3d at 452, citing Johnson, 208 Ill. 2d at 128-38. We therefore consider the additional bases argued by the State.

First, the State argues that defendant's petition does not make the substantial showing of a constitutional violation necessary to sustain a postconviction claim. See Whitfield, 217 Ill. 2d at 183. The State notes that defendant alleges in his petition that the failure to call the new witness to testify deprived him of his constitutional right to effective assistance of counsel at trial. A defendant making a claim of ineffective assistance of counsel must show both that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); People v. Albanese, 104 Ill. 2d 504, 525 (1984). According to the State, any unreasonable assistance here was not prejudicial, because the new witness's proposed testimony would not have changed the outcome of the trial (or the pretrial motion to suppress). The affidavit's statement that the occupants of the home asked police to leave does not undermine the original trial court's ruling that police were entitled to enter because they were in hot pursuit of a suspect. The affiant's statement that defendant had been in the home for several hours and that she had not seen the handgun did not conflict with the testimony that police saw defendant trying to conceal drugs and that defendant was carrying a concealed handgun.

Defendant does not respond to this argument and, thus, concedes it. Further, we agree with the State that the witness's proposed testimony would not have changed the outcome of the trial or the motion to suppress and, thus, defendant failed to make a substantial showing of a constitutional violation.

Second, the State argues that the trial court properly dismissed defendant's petition as untimely under the Act. Section 122--1(c) of the Act provides that no postconviction petition may be filed more than six months after the denial of a petition for leave to appeal, or three years from the date of conviction, whichever is sooner, "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122--1(c) (West 2002). "The phrase 'culpable negligence' contemplates something greater than ordinary negligence and is akin to recklessness. [Citations.] A trial court's findings of fact regarding whether a petition's untimeliness was due to culpable negligence will not be reversed unless manifestly erroneous [citation], but [a challenge to] the trial court's ultimate conclusion as to whether the established facts demonstrate culpable negligence is reviewed de novo." Ramirez, 361 Ill. App. 3d at 452. Here, the parties agree that defendant's petition was filed more than six months after the supreme court denied his petition for leave to appeal and, thus, was untimely under the Act. The only question, then, is whether the late filing was due to defendant's culpable negligence. Defendant's only response to this question is that the trial court did not actually rely on untimeliness in dismissing his petition. We refuted this interpretation of the record above. Further, we conclude that the trial court's rejection of defendant's mistake-of-law argument and its finding that defendant was culpably negligent were correct, and, thus, the trial court did not err in dismissing defendant's petition as untimely.

In summary, based on the above, we accept both of the State's alternative bases for upholding the trial court's dismissal of defendant's postconviction petition. Therefore, though defendant is

correct that the trial court erred in invoking waiver as a bar to defendant's claim, we agree with the State that we may not reverse the trial court's decision on that basis.

## B. Reasonable Level of Assistance

Defendant's second argument on appeal is that we must reverse because he did not receive the level of assistance mandated by Rule 651(c) and the Act for postconviction counsel. A defendant's right to counsel after the first stage of postconviction proceedings is purely statutory rather than constitutional, and, under the Act, a defendant is entitled only to a "reasonable" level of assistance. Greer, 212 Ill. 2d at 204. "Reasonable assistance" includes compliance with the specific obligations of Rule 651(c), which requires, among other things, that postconviction counsel make " 'any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions.' " People v. Turner, 187 Ill. 2d 406, 412 (1999), quoting 134 Ill. 2d R. 651(c). However, the statutory requirement of reasonable assistance does not " 'guarantee that [defendants] will receive the same level of assistance that the Constitution guarantees to defendants at trial.' " Greer, 212 Ill. 2d at 204, quoting People v. Owens, 139 Ill. 2d 351, 364 (1990).

In order to adequately present a defendant's postconviction claims and, thus, provide the requisite level of assistance, postconviction counsel must "amend an untimely pro se petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence." People v. Perkins, No. 103693, slip op. at 11 (November 29, 2007). This effort includes inquiring of the petitioner whether there is any excuse for the delay and an examination of the record. Perkins, slip op. at 11-12.

Here, as noted, defendant's postconviction petition was not timely filed. Postconviction counsel amended defendant's petition to allege that his prison library had been closed and, thus, that

his failure to timely file his postconviction petition was not due to his culpable negligence. The State responded with an affidavit from a prison official indicating that the library had not, in fact, been closed. Postconviction counsel did not further amend the petition, but, instead, elicited new testimony from defendant at the hearing on the State's motion to dismiss. At the hearing, defendant testified that he misunderstood the statutory deadline for his petition. We consider this testimony an additional amendment to defendant's postconviction petition to be governed by Rule 651(c), even though postconviction counsel did not submit the amendment in written form.

On appeal, defendant argues that postconviction counsel did not provide reasonable assistance, because he made the above arguments to overcome the untimeliness of defendant's petition when he could have made a potentially stronger argument. Defendant notes that the mistake-of-law defense proffered by postconviction counsel has been rejected by this court (see People v. Hampton, 349 Ill. App. 3d 824, 829 (2004)), and he argues that counsel could have asserted that the affidavit upon which defendant's petition was based was new evidence discovered after the statutory filing deadline such that defendant could not have presented his petition (and supporting affidavit) until after the deadline.

Defendant is correct that newly discovered evidence of innocence may excuse a defendant's failure to timely file a postconviction petition. See People v. Morgan, 212 Ill. 2d 148, 154 (2004). The State offers two reasons why defendant's late filing should not be excused on the ground that he did not obtain the affidavit until after the filing deadline.

First, the State notes that "evidence is not 'newly discovered' when it presents facts already known to the defendant at or prior to trial, though the source of those facts may have been unknown, unavailable, or uncooperative." People v. Barnslater, 373 Ill. App. 3d 512, 523 (2007). Defendant

does not challenge this statement of the law. The affidavit here was executed by an eyewitness to defendant's arrest. Defendant argues that nothing in the record establishes that the affidavit was not newly discovered evidence, because even if defendant was aware of the affiant's presence at the time of his arrest, he did not know what she saw or what her testimony might be. However, the affidavit, which describes only the affiant's observations of defendant's encounter with police, does not contain any facts that defendant would not have known at or prior to his trial. During his trial and during the period in which he could have timely filed a postconviction petition, defendant was aware of the affiant's presence at the arrest scene. Thus, the fact that defendant did not obtain the affidavit until after the expiration of time for filing a petition does not render the evidence "newly discovered" so that defendant's violation of the deadline may be excused.

Second, the State argues that, even if the affidavit were "newly discovered," it was not evidence that was material to defendant's case. Defendant does not challenge the State's assertion that materiality is a requirement for newly discovered evidence to excuse a late filing. The affidavit asserts, in pertinent part, that police entered the home without permission, that defendant failed to comply with police orders to remove his hands from his pockets, and that a handgun appeared on the floor after police physically confronted defendant. As the State notes, the alleged fact that police entered without permission was immaterial because the trial court held that, even if police did not have permission to enter the house, they could have entered it because they were in hot pursuit of a fleeing suspect. The State further notes that the remainder of the affidavit does not contradict, but actually corroborates, police testimony that defendant had his hands in his pockets and that there was a gun. Defendant's only response to these arguments on appeal is that the affidavit must be material because it contradicts the testimony of the State's witnesses. However, defendant offers no point on

which the affidavit and the testimony conflict. Thus, he concedes the point. In sum, we agree with the State that the affidavit cannot be considered newly discovered evidence that excuses defendant's untimely filing of his petition, both because the affidavit was not "newly discovered" and because its contents were not material.

However, the question presented here is not whether postconviction counsel could have presented an alternative argument that would have succeeded. Indeed, a defendant need not demonstrate prejudice in order to succeed on a claim that postconviction counsel violated Rule 651(c). People v. Lander, 215 Ill. 2d 577, 585 (2005). The question is whether the arguments actually put forth by postconviction counsel were so weak that they demonstrate counsel's unreasonable assistance. We hold that they do not.

Though postconviction counsel overlooked the above argument, he nevertheless made substantive amendments to defendant's petition in an effort to ensure that his claims would be adequately presented. Defendant's initial petition alleged that his delay in filing was caused by the fact that he had only recently received information regarding a witness's arrest record. However, the documents attached to his petition refuted this claim. Postconviction counsel amended defendant's petition to add the assertion (supported by defendant's affidavit) that he did not have access to the prison library in order to work on his petition. This was a potentially viable argument. See People v. Cortez, 338 Ill. App. 3d 122, 131 (2003) ("[t]his court has held that *** the total denial of access to the prison law library during a lockdown may sometimes excuse a late filing"). When the State filed an affidavit from a prison official refuting the factual basis for that argument, postconviction counsel resorted to the mistake-of-law defense and also pleaded with the court to overlook the untimeliness issue "in the interest of justice." Counsel's initial amendment presented a plausible

argument, and, though his contingency mistake-of-law argument was not plausible and his appeal to the "interest of justice" not effective, the record demonstrates that "[c]ounsel's argument was apparently the best option available based on the facts." Perkins, slip op. at 13. Especially given the lower standard for representation under the Act versus under the Constitution, we do not think the arguments pressed by postconviction counsel demonstrate an unfamiliarity with the law such that his representation did not meet the Act's standards for reasonableness.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and O'MALLEY, JJ., concur.