2023 IL App (2d) 220238-U
No. 2-22-0238
Order filed May 19, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-1168 |
| SURGENE J. CABELL, | ) ) ) | Honorable Mark L. Levitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*: Counsel on direct appeal was not ineffective for failing to argue that the offense of aggravated kidnapping by confinement was merely incidental to the domestic battery of which defendant was also convicted.  First, we would have lacked jurisdiction on direct appeal to address that issue, because the aggravated kidnapping by confinement was merged into another aggravated kidnapping conviction and no sentence was imposed on the former.  Second, there would have been no merit to the claim because, under the governing four-factor test, the aggravated kidnapping by confinement was not part and parcel of the battery but was a distinct act that posed a significant danger to the victim independent of the battery.

¶ 2   Defendant, Surgene J. Cabell, appeals from the second-stage dismissal of his petition under

the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)).  He contends that

2023 IL App (2d) 220238-U

he made a substantial showing that his counsel on direct appeal was ineffective. Because appellate counsel's conduct did not prejudice defendant, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The State indicted defendant on two counts of domestic battery based on punching the victim (720 ILCS 5/12-3.2(a)(2) (West 2016)), two counts of domestic battery based on grabbing the victim's neck (720 ILCS 5/12-3.2(a)(2) (West 2016)), one count of aggravated domestic battery based on strangulation (720 ILCS 5/12-3.3(a-5) (West 2016)), one count of aggravated kidnapping based on secretly confining the victim (720 ILCS 5/10-1(a)(1); 10-2(a)(3) (West 2016)), and one count of aggravated kidnapping based on carrying the victim from one place to another to secretly confine her (720 ILCS 5/10-1(a)(2); 10-2(a)(3) (West 2016)).

¶ 5    Because our order in defendant's direct appeal detailed the facts developed at his bench trial (see *People v. Cabell*, 2019 IL App (2d) 170436-U), we only briefly review those facts as they relate to the issue raised in this appeal. The victim's testimony and surveillance video from her workplace, where the incident occurred, established the following. The victim was defendant's live-in girlfriend. He went to her workplace, where they argued in a hallway. The argument became a physical altercation. Defendant pinned the victim to the wall, and, after they fell to the floor, he punched her twice. He then grabbed the victim by her hair and dragged her into a nearby bathroom. The door closed behind them. About a minute later, they opened the door and left the bathroom.

¶ 6    The victim testified that, inside the bathroom, defendant bit her arm and stepped on her hand. She denied that defendant choked her. Although she admitted that she kicked the wall inside the bathroom, she claimed that she did so to get defendant to stop. She admitted that, in her signed statement to the police, she said that defendant choked her while in the bathroom. She further

- 2 -

admitted telling emergency room personnel that defendant had choked her. On cross-examination, the victim testified that the bathroom door had a lock but was unlocked while she and defendant were inside. According to the victim, she could have left the bathroom at any time and defendant never prevented her from doing so.

¶ 7 According to defendant, he went into the bathroom with the victim to apologize and stop their fighting. He denied locking the door or preventing her from leaving. He denied choking the victim or hurting her while in the bathroom. According to defendant, the victim wanted them to go into the bathroom.

¶ 8 The victim's coworker testified that she heard banging outside her office. When she went into the hallway to investigate, she heard a female screaming and crying in the bathroom. After directing another employee to call 911, she knocked on the bathroom door. As she did so, a large man exited and walked toward the elevator. When she looked inside the bathroom, she saw the victim leaning against the sink and crying. She was bleeding from the side of her neck.

¶ 9 The trial court directed a not-guilty finding on aggravated domestic battery but found defendant guilty of all remaining counts. The court merged the four domestic-battery convictions into one, merged the aggravated-kidnapping conviction based on confinement into the aggravated-kidnapping conviction based on asportation , and sentenced defendant to concurrent prison terms of 7 years and 14 years, respectively.

¶ 10 On direct appeal, defendant contended only that he was not proved guilty beyond a reasonable doubt of aggravated kidnapping, because (1) the evidence did not establish that he either secretly confined the victim or intended to do so, and (2) the kidnapping based on asportation of the victim was merely incidental to the domestic battery. *People v. Cabell*, 2019 IL App (2d) 170436-U, ¶ 21. We rejected those contentions and affirmed. *Cabell*, 2019 IL App (2d) 170436-

U, ¶ 38. In doing so, we noted that defendant did not also contend that the aggravated kidnapping based on confinement was merely incidental to the domestic battery; thus, he forfeited the issue. *Cabell*, 2019 IL App (2d) 170436-U, ¶ 35 n.1 (citing Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)).

¶ 11    Subsequently, defendant filed a postconviction petition under the Act. Among other claims, he alleged that his counsel on direct appeal was ineffective for failing to argue that the aggravated kidnapping by confinement was merely incidental to the domestic battery. The trial court advanced the petition to the second stage and appointed counsel. The State filed a motion to dismiss. Following a hearing, the court granted the State's motion and dismissed the petition. Defendant, in turn, filed this timely appeal.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant contends that his petition should not have been dismissed, because he made a substantial showing that appellate counsel was ineffective for failing to argue that the aggravated kidnapping by confinement was merely incidental to the domestic battery.

¶ 14    The Act allows a criminal defendant to raise a claim that his conviction resulted from a substantial violation of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020). The Act establishes a three-stage process for the adjudication of a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel, and the State can move to dismiss the petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020). If a petitioner makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2020).

¶ 15    At the second stage, dismissal is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional

violation. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). We accept as true all factual allegations not positively rebutted by the record (*People v. Childress*, 191 Ill. 2d 168, 174 (2000)) and review *de novo* the second-stage dismissal of a petition (*Hall*, 217 Ill. 2d at 334). We may affirm the second-stage dismissal of a postconviction petition on any basis shown in the record. *People v. Davis*, 382 Ill. App. 3d 701, 706 (2008).

¶ 16     To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *People v. Phillips*, 2017 IL App (4th) 160557, ¶ 57. The failure to satisfy either *Strickland* prong precludes a finding of ineffective assistance of counsel. *People v. Houston*, 226 Ill. 2d 135, 144-45 (2007). We measure claims of ineffective assistance of appellate counsel by the same standard as those dealing with trial counsel. *Childress*, 191 Ill. 2d at 175. Unless the underlying issue is meritorious, the defendant suffers no prejudice from counsel's failure to raise the issue on direct appeal. *Phillips*, 2017 IL App (4th) 160557, ¶ 66.

¶ 17     We begin with the prejudice prong. The State asserts that defendant did not suffer any prejudice from appellate counsel's failure to argue that the aggravated kidnapping by confinement was merely incidental to the domestic battery. The State reasons that this court would have lacked jurisdiction on direct appeal to review the conviction of aggravated kidnapping by confinement. We agree.

¶ 18     In *People v. Olaska*, 2017 IL App (2d) 150567, ¶ 113, we held that we lacked jurisdiction to review two felony-murder convictions, because the trial court had merged them into another

first-degree murder conviction and did not impose any sentence on the felony-murder convictions. In doing so, we relied on the supreme court's decision in *People v. Cabarello*, 102 Ill. 2d 23 (1984). *Olaska*, 2017 IL (2d) 150567, ¶ 113. In *Cabarello*, the supreme court held that it had no jurisdiction to consider whether the defendant's armed-violence convictions were improper, because the trial court never sentenced him on those convictions. *Cabarello*, 102 Ill. 2d at 51. Thus, we concluded in *Olaska* that, under *Cabarello*, we had no jurisdiction over the merged felony-murder convictions because the trial court did not impose a sentence on those convictions. *Olaska*, 2017 IL App (2d) 150567, ¶ 113. We further noted that neither *People v. Dixon*, 91 Ill. 2d 346, 354 (1982), nor *People v. Scott*, 69 Ill. 2d 85, 88 (1977)—both of which affirm the authority of a reviewing court to remand for sentencing on an unsentenced conviction—could be read to suggest that a reviewing court has jurisdiction to review the merits of an unsentenced conviction. *Olaska*, 2017 IL App (2d) 150567, ¶ 114; see also *People v. Relerford*, 2017 IL 121094, ¶¶ 74-75 (distinguishing *Dixon* and holding that the appellate court lacked jurisdiction to consider the merits of the defendant's unsentenced convictions).

¶ 19   Here, defendant's conviction of aggravated kidnapping by confinement was merged into his conviction of aggravated kidnapping by asportation. As such, the trial court did not impose a sentence for aggravated kidnapping by confinement; therefore, we lacked jurisdiction on direct appeal to consider any challenge to the merits of that kidnapping conviction. Accordingly, appellate counsel did not prejudice defendant by failing to challenge the conviction of aggravated kidnapping by confinement as merely incidental to the domestic battery. Thus, defendant's

postconviction petition made no substantial showing of ineffective assistance of appellate counsel and was properly dismissed.[1]

¶ 20    Alternatively, even if we had jurisdiction on direct appeal to consider a claim that the conviction of aggravated kidnapping by confinement was improper because that offense was merely incidental to the domestic battery, there would have been no merit to the claim. Thus, appellate counsel's failure to raise the claim on direct appeal still did not prejudice defendant. See *Phillips*, 2017 IL App (4th) 160557, ¶ 66.

¶ 21    The supreme court has identified four factors to apply to determine whether a confinement is merely incidental to another offense or rises to the level of the independent offense of kidnapping. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 225 (2009). Those factors are (1) the duration of the confinement, (2) whether the confinement occurred during the commission of the separate offense, (3) whether the confinement was inherent in the separate offense, and (4) whether the confinement created a significant danger to the victim independent of that posed by the separate offense. *Siguenza-Brito*, 235 Ill. 2d at 225-26. On direct review we considered the four *Siguenza-Brito* factors and rejected defendant's argument that the asportation of Brown was merely incidental to the offense of domestic battery. 2019 IL App (2d) 170436-U. ¶¶ 29-35. Our reasoning applies with equal force to confinement.

---

[1]We acknowledge that, on direct appeal, we did address a different challenge to aggravated kidnapping by confinement. However, we simply failed to recognize our lack of jurisdiction to do so.

¶ 22    For the foregoing reasons, defendant did not make a substantial showing that his appellate

counsel was ineffective.  Thus, the trial court did not err in dismissing the postconviction petition

at the second stage.

¶ 23                             III. CONCLUSION

¶ 24    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 25    Affirmed.

¶ 26