2025 IL App (1st) 240426-U
Order filed: November 19, 2025

FIRST DISTRICT
THIRD DIVISION

No. 1-24-0462

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 2769301 |
| | ) | |
| JAMES HOUSE, | ) | Honorable Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1   *Held*: The second-stage dismissal of two claims and the third-stage denial of actual innocence claim made in defendant's successive postconviction petition affirmed, where defendant forfeited the claims dismissed at the second-stage and the circuit court's credibility determinations at the third stage were not manifestly erroneous.

¶ 2   Defendant-appellant, James House, appeals from the second-stage dismissal of two claims and the third-stage denial of a claim of actual innocence raised in the successive postconviction petition he filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). For the following reasons, we affirm.

¶ 3   Many of the prior proceedings in this matter were fully set out in our prior orders, entered upon defendant's direct appeal and defendant's appeal from the previous dismissal of his initial

postconviction petition, and need not be fully restated here. See *People v. House*, 377 Ill. App. 3d 9 (2007); *People v. House*, 2014 IL App (1st) 102605-U. We therefore restate only those facts necessary to resolve this appeal, with portions of this order taken from our prior decisions.

¶ 4    Defendant was charged with multiple counts of first degree murder in connection with the shooting death of Isaiah Ewing on June 19, 2001. Prior to trial, the trial court ruled that defendant's private, retained counsel had a conflict of interest because he had represented two of the State's witnesses, and that defendant could not knowingly and intelligently waive this conflict of interest. The court observed that in certain circumstances, a conflict will override a defendant's right to be represented by the counsel of his choice. The court characterized the conflict presented in this case as "astronomical" because retained counsel had represented both of the State's key witnesses in other matters. The court also recognized that defendant suffered from a type of mental disability. Accordingly, the court disqualified retained counsel and appointed an assistant public defender to represent defendant.

¶ 5    The matter then proceeded to a jury trial in February and March of 2007. The trial proceedings and the evidence presented at trial were fully set out in our prior opinion, and need not be fully restated here. See *House*, 377 Ill. App. 3d at 10–15. It is sufficient to note that the evidence at trial included defendant's oral statement implicating himself in the murder of the victim as well as evidence that defendant had been identified by another as the murderer.

¶ 6    At the conclusion of the trial, defendant was found guilty of first degree murder. Defendant then filed a posttrial motion for a new trial which argued—*inter alia*—that the circuit court erred in denying both a motion to quash arrest and a motion in limine. That motion was denied, and defendant was sentenced to a term of 75 years' imprisonment. Defendant filed a direct appeal from

his conviction. As noted above, in an opinion entered on October 17, 2007, this court rejected the issues raised by defendant and affirmed his convictions. *Id*. at 20.

¶ 7 On July 28, 2008, defendant filed an initial petition for postconviction relief. Therein, and in a subsequently filed amended petition, defendant asserted—*inter alia*—that his appellate counsel was ineffective for failing to raise the denial of the motion to quash arrest or the denial of the motion in limine as a basis for the reversal of his conviction. The State responded to the petition by filing a motion to dismiss. Therein, the State argued in part that defendant had failed to meet his burden of showing that he had been provided with ineffective assistance of appellate counsel. The circuit court granted the State's motion to dismiss in part and denied it in part, dismissing the assertions of ineffective assistance of appellate counsel and allowing an evidentiary hearing only as to defendant's claim that his trial counsel improperly withdrew a motion to suppress his statements for "strategic" reasons.

¶ 8 At that hearing, the circuit court heard testimony from defendant's trial counsel, who explained her reasons for withdrawing the motion to suppress. The circuit court thereafter granted the State's motion for directed finding as to the claim that defendant's trial counsel provided ineffective assistance and, thus, dismissed the postconviction in its entirety. Defendant appealed, and this court affirmed. *House*, 2014 IL App (1st) 102605-U.

¶ 9 Defendant thereafter filed the instant successive postconviction petition. As amended, the petition alleged ineffective assistance of counsel, a due process claim, an unreasonable search and seizure claim, and actual innocence. The circuit court advanced the actual innocence claim to the third stage for an evidentiary hearing and dismissed the remaining claims at the second stage. At the hearing, defendant relied upon the testimony of Gilbert Harris and Bruce Ervin, both of whom testified that defendant was not the one that shot the victim. After the third stage evidentiary

hearing, the circuit court denied relief. Of note, the circuit court specifically found Harris and Ervin's testimony "devoid of credibility," and that both were "severely impeached" during the hearing. The demeanor of both witnesses, especially Harris, "undercut their believability." Thus, even if the jury had heard Harris and Ervin at trial, the circuit court determined there was not a "reasonable probability that the outcome of the trial would have been different." "Put simply, Harris and Ervin are not believable, and no reasonable trier of fact would accept their contentions." Defendant timely appealed.

¶ 10     On appeal, defendant challenges the second-stage dismissal of two of his claims, which argued that the trial court erred by not ordering a fitness hearing when there was a *bona fide* doubt about his fitness for trial and that his attorney was ineffective for failing to demand such a hearing. He also appeals the denial of his actual innocence claim, arguing that he presented sufficient new evidence that he was actually innocent of murder.

¶ 11     The Act provides a procedural mechanism through which a defendant may assert that his conviction or sentence resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2024). The Act provides a three-stage process for adjudication of a postconviction petition. *People v. Applewhite*, 2020 IL App (1st) 142330-B, ¶ 15. At the first stage of a postconviction proceeding, the postconviction court must assess the petition, taking the allegations as true, and determine if it is frivolous or patently without merit such that it failed to state the gist of a meritorious constitutional claim. *Id*.; *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis in either fact or law. *People v. Tate*, 2012 IL 112214, ¶ 9.

¶ 12     If the petition survives first-stage dismissal, it advances to the second stage, where counsel may be appointed to an indigent defendant and the State may file a motion to dismiss or an answer

to the petition. 725 ILCS 5/122-4, 122-5 (West 2024). At this stage, the court must determine whether defendant has made a substantial showing of a violation of his constitutional rights. *People v. Domagala*, 2013 IL 113688, ¶ 33. If the petition advances to the third stage, the court will conduct an evidentiary hearing where the circuit court receives evidence and determines whether defendant is entitled to relief. 725 ILCS 5/122-6 (West 2024).

¶ 13    The State can participate for the first time at the second stage and either answer the petition or move to dismiss. *People v. Morales*, 2019 IL App (1st) 160225, ¶ 17. All well-pleaded facts in the petition and accompanying affidavits that are not positively rebutted by the original trial record are taken as true and the court does not engage in fact-finding or credibility determinations nor resolve any evidentiary questions. *People v. Velasco*, 2018 IL App (1st) 161683, ¶¶ 90, 117. Our review of a second-stage dismissal is *de novo*. *People v. Minniefield*, 2014 IL App (1st) 130535, ¶ 58.

¶ 14    We first consider defendant's challenge to the second-stage dismissal of his claims that the trial court erred by not ordering a fitness hearing when there was a *bona fide* doubt about his fitness for trial, and that his trial attorney was ineffective for failing to demand such a hearing. We need not consider this challenge in any great detail, as we agree with the State that the dismissal of these two claims at the second stage may be affirmed as: (1) they were each forfeited for defendant's failure to raise them on direct appeal, and (2) they were each also properly dismissed for defendant's failure to show cause-and-prejudice as to why he did not raise them in his initial postconviction petition.

¶ 15    The Act provides a procedure for criminal defendants to raise constitutional issues about their trial or sentencing that could not have been raised on direct appeal. *Morales*, 2019 IL App (1st) 160225, ¶ 17. "Any issues that could have been raised on direct appeal, but were not, are

procedurally defaulted." *People v. Harris*, 224 Ill. 2d 115, 124 (2007). Here, the two claims dismissed at the second stage rely upon nothing not contained in the original appellate record from defendant's direct appeal. As such, these issues could have been raised on direct appeal, were not, and are therefore now forfeited. Notably, while the State did raise this issue below the postconviction court did not dismiss these claims on this basis. However, "we may affirm the trial court's dismissal of a petition on any basis shown by the record." *People v. Davis*, 382 Ill. App. 3d 701, 706 (2008)

¶ 16　　Moreover, neither of these claims were included in the initial postconviction petition filed by defendant in 2008. The Act contemplates the filing of only one petition without leave of court. 725 ILCS 5/122–1(f) (West 2024); *People v. Sanders*, 2016 IL 118123, ¶ 24. As outlined in the Act, a court may grant leave to file a successive petition "only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122–1(f) (West 2024). Defendant did not attempt to satisfy the cause-and-prejudice test either below or now on appeal, the State raised this issue in its motion to dismiss, and these claims were therefore properly dismissed at the second stage. *Davis*, 382 Ill. App. 3d at 706 (dismissal may be affirmed on any basis); *People v. Bailey*, 2017 IL 121450, ¶ 26 (at the second stage, the State may "seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition.").

¶ 17　　We note that on appeal, defendant does not dispute his failure to raise these claims prior to filing his successive petition. Rather, he first contends that the dismissal of these claims should be reviewed on the merits for "plain error." "The 'plain error' rule permits a court on direct appeal to take notice of plain errors and defects affecting substantial rights which were not brought to the

attention of the trial court. *** [However], the plain error rule may not be invoked when a defendant collaterally attacks his conviction or sentence under the *** Act." *People v. Owens*, 129 Ill. 2d 303, 316 (1989). Defendant also contends that "fundamental fairness" requires that these issues should be reviewed on the merits. However, "[i]n proceedings under the Postconviction Act, fundamental fairness *** is established by satisfying the requirements of the cause-and-prejudice test." *People v. Clark*, 2023 IL 127273, ¶ 45. Again, defendant has not attempted to satisfy that test here.

¶ 18     Even if we were to review the dismissal of these claims on the merits, we would still affirm. "A defendant is presumed to be fit to stand trial or to plead, and be sentenced. A defendant is unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10A (West 2024). A defendant is entitled to a fitness hearing only when a *bona fide* doubt of his fitness is raised. 725 ILCS 5/104-11(a) (West 2024). Here, defendant relies solely upon the fact that the trial court, in ruling pretrial on defendant's ability to waive any conflict of interest with respect to his preferred counsel, stated that "there is evidence before me that the defendant has some kind of mental disability, I'm not even sure that the attorneys in this case fully understand the implications of the conflict, and therefore I don't know whether there could be a knowing and intelligent waiver by a defendant with a mental disability." From this, defendant contends that "the court's finding that the petitioner could not knowingly and intelligently waive a conflict of interest amounts to a *bona fide* doubt of fitness. As such a fitness hearing should have been ordered by the circuit court."

¶ 19     However, fitness speaks only to defendant's ability to function within the context of trial, and does not refer to sanity or competence in other areas. *People v. Balfour*, 148 Ill. App. 3d 215, 226 (1986). *People v. Murphy*, 72 Ill. 2d 421, 432-33 (1978). Defendant has failed to explain how

any possible reservations about his ability to waive a conflict of interest amounts to a *bona fide* doubt of his fitness for trial. We therefore reject his contention that the trial court erred by not ordering a fitness hearing. This conclusion is also dispositive of his contention that his trial attorney was ineffective for failing to file a motion requesting such a hearing. See *People v. Ivy,* 313 Ill.App.3d 1011, 1018 (2000) (stating that counsel is not required to make futile motions to avoid charges of ineffective assistance of counsel).

¶ 20    We now turn to the denial of defendant's claim of actual innocence at the third stage. At a third-stage evidentiary hearing, the postconviction court may receive "affidavits, depositions, testimony, or other evidence, and may order the [defendant] brought before the court." *People v. Jean*, 2014 IL App (1st) 220801, ¶ 28. The postconviction court serves as the fact finder, determining witness credibility, deciding the weight to be given testimony and evidence, and resolving any evidentiary conflicts. *Domagala*, 2013 IL 113688, ¶ 34 (citing *People v. English*, 2013 IL 112890, ¶ 23). The postconviction court also determines whether the evidence demonstrates that the defendant is, in fact, entitled to relief. *Domagala*, 2013 IL 113688, ¶ 34. Where fact-finding and credibility determinations are involved, we will not reverse the court's decision unless it is manifestly erroneous. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 21    To succeed on a claim of actual innocence, defendant must present newly discovered, material, noncumulative evidence that is so conclusive that it probably would change the result on retrial. *People v. Robinson*, 2020 IL 123849, ¶ 47. Newly discovered evidence is evidence that was discovered after trial and that defendant could not have discovered earlier through the exercise of due diligence. *Robinson*, 2020 IL 123849, ¶ 47. Evidence is material when it is relevant and probative of defendant's innocence. *Robinson*, 2020 IL 123849, ¶ 47. Noncumulative evidence adds to the information that the jury heard at trial. *Id*.

¶ 22    The conclusive character element refers to evidence that, when considered along with the trial evidence, would probably lead to a different result. *Robinson*, 2020 IL 123849, ¶ 47. The conclusive character of the new evidence is the most important element of an actual innocence claim. *Id*. This element requires defendant to present evidence placing the trial evidence in a different light and undermining the court's confidence in the judgment of guilt. *Id*. ¶ 48. "Probability, rather than certainty, is the key in considering whether the fact finder would reach a different result after considering the prior evidence along with the new evidence." *Id*. ¶ 48. As such, new evidence "need not be completely dispositive of an issue to be likely to change the result upon retrial." *People v. Davis*, 2012 IL App (4th) 110305, ¶ 64.

¶ 23    Here, we may affirm the denial of defendant's actual innocence claim solely based on the postconviction court's finding that defendant failed to establish the conclusive character element due to the lack of credibility of defendant's new witnesses.

¶ 24    The evidence at trial included defendant's oral statement implicating himself in the murder of the victim as well as evidence that defendant had been identified by another as the murderer. At the third-stage evidentiary hearing, defendant relied upon the testimony of Harris and Ervin that defendant was not the murderer. However, following the evidentiary hearing the circuit court rejected the postconviction testimony of both Harris and Ervin as not credible.

¶ 25    Specifically, the circuit court concluded: "The actual innocence evidence stemming from the third stage testimony of Harris and Ervin is not conclusive because this Court finds their testimonies devoid of credibility. The demeanor of both witnesses, in particular that of Harris, undercut their believability. Moreover, both witnesses were severely impeached during the third stage hearing." As to Harris, the court found that his testimony to be impeached and that this "impeachment, coupled with a demeanor that often bordered on smugness, severely undermined

Harris's creditability." As to Ervin, the circuit court found his account about Ewing's murder (and how this information showed House's innocence) was muddled at best and, even if believed, fell woefully short of' eroding confidence in House's conviction." In sum, the circuit court concluded:

"Based on its observations during the evidentiary hearing, if the jury heard Harris' and Ervin's testimonies, this Court concludes that there is not a reasonable probability that the outcome of the trial would have been different. These two witnesses presented varying stories in their affidavits, in interviews with members of the [Cook County State's Attorney's Office], and at the third stage hearing. When confronted with these inconsistencies, both Harris and Ervin denied the inconsistencies. Put simply, Harris and Ervin are not believable, and no reasonable trier of fact would accept their contentions. Thus, after reviewing Harris' testimony and Ervin's testimony, this Court finds neither witness to be conclusive because neither witness could probably undermine confidence in House's murder conviction."

¶ 26    Defendant now asks us to revisit those findings and give additional weight to the testimony of Harris and Ervin. On review from a third-stage evidentiary hearing, however, we are not to second guess the circuit court's credibility findings. See *People v. Gonzalez*, 407 Ill. App. 3d 1026, 1036 (2011) ("Credibility determinations such as this are properly made by the trier of fact, and we have no basis in the record for second-guessing the trial court's judgment."). We find no reason to disturb the postconviction court's credibility determination and therefore have no basis to find its denial of defendant's actual innocence claim to be manifestly erroneous.

¶ 27    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28    Affirmed.