2020 IL App (1st) 142330-B

FIFTH DIVISION
NOVEMBER 13, 2020

1-14-2330

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 23489 |
| | ) | |
| SAMUEL APPLEWHITE, | ) | Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1    On May 23, 2014, the defendant-appellant, Samuel Applewhite, filed a *pro se* postconviction petition in the circuit court of Cook County alleging that his 45-year sentence is unconstitutional. Following the dismissal of his petition by the circuit court, the defendant appealed. We affirmed that dismissal, and the defendant sought leave to appeal to the Illinois Supreme Court. The Illinois Supreme Court then issued a supervisory order directing this court to vacate our decision in which we affirmed the trial court's dismissal of the defendant's *pro se* postconviction petition. Our supreme court expressly ordered us to reconsider our prior judgment regarding the defendant's postconviction petition in light of the supreme court's ruling in *People v. Buffer*, 2019 IL 122327. For the reasons that follow, upon reconsideration of our prior ruling, we reverse the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3     In October 2001, the State charged the defendant with multiple counts of attempted first degree murder (720 ILCS 5/8-4, 9-1(a)(1) (West 2000)), aggravated battery with a firearm (*id.* § 12-4.2), and armed robbery (*id.* § 18-2(a)(2), (a)(3), (a)(4)). The indictment alleged that, on July 11, 2001, the defendant, who was 17 years old at the time, "shot Lamar Smith about the body" and "took United States currency from the person or presence of Lamar Smith" (hereinafter referred to as the Lamar Smith case).

¶ 4     The State also charged the defendant, in a separate case, with multiple counts of first degree murder (*id.* § 9-1(a)(1), (a)(2), (a)(3)), attempted first degree murder (*id.* §§ 8-4, 9-1), armed robbery (*id.* § 18-2(a)(2), (a)(3)), attempted armed robbery (*id.* §§ 8-4, 18-2(a)(4)), and aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)). These charges stemmed from a shooting incident that occurred on August 19, 2001, in which the defendant shot and killed Marshall Young (hereinafter referred to as the Marshall Young case).

¶ 5     On September 25, 2003, pursuant to a fully negotiated plea agreement, the defendant pled guilty to one count of first degree murder of Marshall Young and one count of aggravated battery with a firearm of Lamar Smith. The remaining counts were dismissed. Pursuant to the plea agreement, the trial court imposed the mandatory minimum sentence of 45 years' imprisonment for first degree murder in the Marshall Young case. This sentence consisted of the minimum 20-year sentence for murder (see 730 ILCS 5/5-8-1(a)(1)(a) (West 2002) (providing a range of 20 to 60 years)) plus a minimum 25-year mandatory firearm enhancement (see *id.* § 5-8-1(a)(1)(d)(iii) (providing for an add-on of 25 years to natural life)). The trial court also sentenced the defendant to 12 years' imprisonment for aggravated battery with a firearm in the Lamar Smith case. See *id.*

§ 5-8-1(a)(3) (providing a range of 6 to 30 years). The trial court ordered the sentences to run concurrently.

¶ 6    The defendant did not move to withdraw his pleas or otherwise appeal from the judgment entered on his convictions. However, on June 29, 2011, he filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). In that petition, he alleged, *inter alia*, that his plea agreement and concurrent sentences were void because consecutive sentences were required by section 5-8-4(a)(i) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-8-4(a)(i) (West 2002)). He argued that he should be allowed to withdraw his guilty pleas and go to trial. The State agreed that consecutive sentences were required by the Code of Corrections and conceded that the sentences were void. Nevertheless, the State maintained that it could remedy the sentencing violation of the Code of Corrections by dismissing the aggravated battery with a firearm charge, while leaving intact the guilty plea and 45-year sentence for first degree murder.

¶ 7    The trial court agreed with the State's proposal. Thereafter, the court granted the State's request and vacated the defendant's conviction for aggravated battery with a firearm in the Lamar Smith case. The trial court then issued a revised mittimus reflecting a 45-year sentence for first degree murder in the Marshall Young case. Except for that change, the court otherwise denied the defendant's petition. The defendant appealed, and this court affirmed the trial court's ruling. *People v. Applewhite*, No. 1-13-1549 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8    Thereafter, the defendant filed the instant *pro se* postconviction petition challenging his 45-year sentence. In this petition, he alleged that the mandatory 25-year firearm enhancement, as

applied to him, violates the eighth amendment (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Specifically, his petition contended that the mandatory minimum sentence for first degree murder and the mandatory firearm enhancement, which resulted in his sentence of 45 years' imprisonment, is unconstitutional pursuant to the principles of sentencing juveniles announced in the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), and *Roper v. Simmons*, 543 U.S. 551 (2005).

¶ 9    On June 27, 2014, the trial court dismissed the defendant's *pro se* postconviction petition at the first stage, finding it "frivolous and patently without merit" because, unlike *Miller*, *Graham*, and *Roper*, the defendant did not receive the "harshest possible penalty" of natural life imprisonment.

¶ 10    The defendant appealed that ruling, and the Office of the State Appellate Defender (OSAD) was appointed to represent him in his appeal. On December 9, 2016, this court affirmed the trial court's summary dismissal of the then *pro se* defendant's postconviction petition. *People v. Applewhite*, 2016 IL App (1st) 142330, ¶ 24. We held, *inter alia*, that the defendant's 45-year sentence was not unconstitutional because it was not a *de facto* life sentence. *Id.* ¶ 16.

¶ 11    The defendant, then represented by OSAD, filed a petition for leave to appeal to the Illinois Supreme Court. On March 25, 2020, our supreme court issued a supervisory order directing us to vacate our judgment entered on December 9, 2016, and reconsider the issues in the case in light of the supreme court's ruling in *Buffer*, 2019 IL 122327. Specifically, we were instructed to consider the issue of whether the defendant's 45-year sentence constitutes a *de facto* life sentence in

violation of the eighth amendment. Following the vacatur of our judgment, we allowed both the defendant and the State to submit supplemental briefs.[1] We now reconsider our judgment.

¶ 12                                    ANALYSIS

¶ 13    We note that we have jurisdiction to consider this matter, as the defendant filed a timely notice of appeal. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); R. 606 (eff. July 1, 2017).

¶ 14    We now determine the following issue: whether the defendant's 45-year sentence is an unconstitutional *de facto* life sentence such that the trial court erred in dismissing the defendant's postconviction petition.

¶ 15    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) provides a method by which convicted persons under a criminal sentence, can assert that their constitutional rights were violated. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act allows for a petition to be considered in three stages. *Id.* at 10. This case falls within the first stage of the process under the Act. During the first stage, the trial court must assess the petition, taking the allegations as true, and determine if the petition is frivolous or is patently without merit. *Id.* Our review of a first-stage dismissal is *de novo*. *Id.* at 9.

¶ 16    The crux of the defendant's postconviction petition is that his sentence is a *de facto* life sentence in violation of the eighth amendment of the United States Constitution. "The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.' " *Miller*, 567 U.S. at 469 (quoting *Roper*, 543 U.S. at 560). The United States Supreme Court in *Miller* held that mandatory life sentences without the possibility of parole, imposed upon juvenile defendants, are unconstitutional under the eighth

---

[1]We note that the defendant is still represented by OSAD.

amendment because such sentences prevent the trial court from considering the mitigating qualities of youth, such as the defendant's age, background, and mental and emotional development. *Id.* at 476, 489.

¶ 17    The Illinois Supreme Court has interpreted *Miller* in a manner applicable to juvenile defendants convicted and sentenced under Illinois law. Under that interpretation, our supreme court has determined that a life sentence, whether natural or *de facto*, whether mandatory or discretionary, is unconstitutional for juveniles where the trial court did not consider the mitigating qualities of youth described in *Miller*. See *People v. Reyes*, 2016 IL 119271, ¶ 9 ("sentencing a juvenile offender to a mandatory term of years that is the functional equivalent of life without the possibility of parole constitutes cruel and unusual punishment in violation of the eighth amendment"); *People v. Holman*, 2017 IL 120655, ¶ 40 (life sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers the defendant's youth and its attendant characteristics). After our supreme court's rulings in *Reyes* and *Holman*, the Illinois Appellate Court in various districts throughout the state, received an increasing number of appeals from defendants convicted of crimes committed when they were juveniles who were now seeking relief from their sentences pursuant to *Reyes* and *Holman*. There was no clear consensus among the various districts of the appellate court regarding the number of years that constituted a *de facto* life sentence for individuals who were sentenced for crimes committed when they were juveniles.

¶ 18    The lack of consensus regarding a precise number of years that must be imposed in order to constitute a *de facto* life sentence led to inconsistency on this issue in the rulings of the Illinois Appellate Court. Our supreme court recently addressed the issue of *de facto* life sentences for

juveniles in *Buffer*, 2019 IL 122327. It is for that reason, that the supreme court ordered us to reconsider our prior ruling in this case. In *Buffer*, the supreme court determined "to draw [the] line at 40 years" for a prison term to be considered a *de facto* life sentence. *Id.* ¶ 40. Specifically, the court held that "a prison sentence of 40 years or less imposed on a juvenile offender provides some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (Internal quotation marks omitted.) *Id.* ¶ 41.

¶ 19    In the instant case, the State agrees with the defendant that, in light of *Buffer*, the defendant's 45-year sentence is a *de facto* life sentence. Under the holding in *Buffer*, this violates the eighth amendment of the United States Constitution. The State agrees that the trial court did not have the occasion to consider the defendant's youth and the attendant characteristics outlined in *Miller* and its progeny, when the court imposed the defendant's sentence, as our supreme court had not yet amplified those principles as it later did in *Buffer*. Consequently, the State agrees with the defendant that the trial court's judgment summarily dismissing the defendant's postconviction petition should be reversed. The State also agrees that the defendant did not waive his right to challenge the constitutionality of his sentence notwithstanding that he entered a negotiated guilty plea. See *Class v. United States*, 583 U.S. ___, ___, 138 S. Ct. 798, 803-05 (2018) (a guilty plea does not bar a constitutional claim on appeal where, on the face of the record, the court had no power to impose the sentence); see also *People v. Patterson*, 2018 IL App (1st) 160610, ¶ 21 (the defendant's guilty plea did not bar his constitutional claim where his claim did not contradict the terms of the indictment or his plea agreement but instead challenged the State's power to constitutionally prosecute him).

¶ 20    Further, both the State and the defendant request that we remand this case to the trial court for resentencing instead of ordering a second-stage postconviction hearing. We agree. In the interest of judicial economy and reaching a reasonable resolution, vacating the defendant's 45-year sentence and remanding the case to the trial court for a new sentencing hearing is the appropriate remedy. In *Buffer*, our supreme court noted that "[w]here the first-stage summary dismissal of a postconviction petition is reversed on appeal, the usual remedy is to remand for the advancement of the postconviction proceedings to the second stage." *Buffer*, 2019 IL 122327, ¶ 45. However, the court went on to explain that, where the trial court sentenced the juvenile defendant to a *de facto* life sentence without considering his youth and its attendant characteristics, no further factual development was needed to remedy that issue, as "the facts and circumstances to decide [the] defendant's claim [was] already in the record." *Id.* ¶ 46. Accordingly, in *Buffer*, the supreme court vacated the defendant's sentence and remanded the case to the trial court for a new sentencing hearing. *Id.* ¶ 47. That reasoning and procedural resolution is applicable to the instant case.

¶ 21    Although the instant case involves a guilty plea while *Buffer* did not, that is a distinction without a difference for purposes of the guiding principles articulated by the supreme court in sentencing juveniles such as the defendant in this case. The pertinent facts and the substantive issue before us in this case are analogous to *Buffer*, *i.e.*, a juvenile defendant who received a *de facto* life sentence in violation of the eighth amendment of the United States Constitution. Also, as in *Buffer*, no further factual development is needed in this case as the facts needed to impose a constitutional sentence are already in the record. The defendant is therefore entitled to a new sentencing hearing in which the trial court can consider his youth and its attendant characteristics at the time of the crime in imposing a new sentence.

¶ 22    Accordingly, for the reasons discussed, we reverse the trial court's judgment dismissing the defendant's first stage postconviction petition. We further vacate the defendant's 45-year sentence and remand the case to the trial court for resentencing.

¶ 23                            CONCLUSION

¶ 24    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County, vacate the defendant's 45-year sentence, and remand the case for a new sentencing hearing consistent with this opinion.

¶ 25    Reversed and remanded.

**No. 1-14-2330**

| | |
|---|---|
| **Cite as:** | *People v. Applewhite*, 2020 IL App (1st) 142330-B |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 01-CR-23489; the Hon. Clayton J. Crane, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Elena B. Penick, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |