2025 IL App (1st) 240188-U
Order filed: June 18, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-0188

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 09 CR 10667 |
| LAWRENCE SYKES, | ) ) ) | Honorable Domenica A. Stephenson, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The summary dismissal of defendant's postconviction petition at the first stage is affirmed, where claims raised on appeal were not raised in defendant's *pro se* postconviction petition.

¶ 2    Defendant-appellant, Lawrence Sykes, appeals from the first-stage dismissal of the postconviction petition he filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2022)). For the following reasons, we affirm.

¶ 3    The trial proceedings and the evidence presented at trial were fully set out in our prior order, entered upon defendant's direct appeal, and need not be fully restated here. See *People v. Sykes*, 2015 IL App (1st) 130070-U. We therefore restate only those facts necessary to resolve this appeal, with portions of this order taken from our prior decision.

¶ 4    Defendant's conviction arose from a May 15, 2009, altercation which resulted in the stabbing death of Clemon Webb. Prior to trial, defendant's trial counsel filed a motion for a fitness hearing which attached an evaluation from clinical neuropsychologist Dr. Robert Hanlon, an associate professor of psychiatry and neurology at Northwestern University Feinberg School of Medicine. As set forth in his evaluation, Dr. Hanlon concluded defendant was not fit to stand trial due to dementia caused by drug and alcohol abuse, schizophrenic-spectrum disorder, and low intellectual functioning. However, two State experts later determined that defendant was fit to stand trial. Trial counsel subsequently filed a motion to withdraw the motion for a fitness hearing, which attached a later evaluation from Dr. Hanlon which set forth his findings that defendant's medication had been adjusted, and that he was now fit to stand trial.

¶ 5    Nevertheless, the trial court held a fitness hearing because defense counsel previously had a *bona fide* doubt as to defendant's fitness. At the hearing, the parties proceeded by way of stipulation as to the testimony of their respective experts. Ultimately, the trial court found defendant was fit to stand trial.

¶ 6    Following a bench trial, defendant was convicted of first-degree murder and sentenced to 32 years' imprisonment. On direct appeal, defendant contended that: (1) trial counsel was ineffective for failing to argue that evidence purporting to show the victim's aggressive nature was admissible under *People v. Lynch*, 104 Ill. 2d 194 (1984); (2) his sentence was excessive, and (3) the trial court imposed certain improper pecuniary fines and fees and granted insufficient presentencing credit. *Sykes*, 2015 IL App (1st) 130070-U, ¶ 2. In an order entered in May 2015, this court affirmed defendant's conviction and sentence, vacated certain fees, and granted defendant additional credit for presentence custody against imposed fines. *Id*. ¶¶ 2, 53.

¶ 7    Defendant filed the instant *pro se* petition for postconviction relief on October 6, 2023. His petition alleged that (1) he was currently unfit to proceed in the instant proceedings due to taking various medications, (2) he was unfit to stand trial, (3) his trial counsel was ineffective for failing to request a second fitness hearing after he received certain prescription medications, and (4) his appellate counsel was ineffective for failing to claim on appeal that defendant was not fit for trial, that defendant's rights were violated by the trial court's failure to conduct a fitness hearing because defendant was on psychotropic medications, and/or defendant's rights were violated by the trial court's failure to enforce the statute governing reports for fitness determinations. Defendant attached an affidavit in which he attested that he had a long history of psychiatric hospitalizations for several psychiatric disorders, he was unable to state where he was in 2009 or what he was doing at the time of the crime, and that he could not describe the defense his attorney raised at trial.

¶ 8    On January 2, 2024, the circuit court summarily dismissed defendant's petition in a written order finding its claims frivolous and patently without merit. With regards to defendant's claims that he was unfit to stand trial, the court found that they were subject to procedural default because they could have been raised in the appellate court. Beyond forfeiture, the court addressed and rejected the merits of defendant's unfitness claim. Defendant thereafter filed a timely notice of appeal.

¶ 9    The Act provides a procedural mechanism through which a defendant may assert that his conviction or sentence resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2022). The Act provides a three-stage process for adjudication of a postconviction petition. *People v. Applewhite*, 2020 IL App (1st) 142330-B, ¶ 15. At the first stage of a postconviction proceeding, the postconviction court must assess the petition, taking the allegations as true, and determine if it is frivolous or patently without merit such that it failed to state the gist

of a meritorious constitutional claim. *Id.*; *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis in either fact or law. *People v. Tate*, 2012 IL 112214, ¶ 9 ("the threshold for survival [is] low"). A petition lacks an arguable basis in fact or law when it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16. Fanciful factual allegations are those which are "fantastic or delusional" and an indisputably meritless legal theory is one that is "completely contradicted by the record." *Id.* at 16-17. Our review of a first-stage summary dismissal is *de novo*. *Tate*, 2012 IL 112214, ¶ 10.

¶ 10    On appeal, defendant contends that his *pro se* post-conviction petition was improperly dismissed at the first-stage where it "stated the gist of a constitutional claim that he received ineffective assistance of counsel at his fitness hearing where trial counsel unreasonably stipulated to the State's summary of its psychologist's report and failed to call the defense psychologist to testify, and where the trial court arguably would have found defendant unfit but for counsel's deficiencies." However, in his briefs filed on appeal defendant also concedes that his *pro se* petition only alleged—in relevant part—"that his trial counsel failed to protect his right to not be tried while unfit by failing to initiate a second fitness hearing to address his fitness while taking psychotropic medications, based on his inaccurate belief that being prescribed such medications required a second fitness hearing." Nevertheless, defendant contends that while he "did not explicitly claim that counsel's ineffectiveness stemmed from proceeding by stipulation, as claimed on appeal, he did attack trial counsel's failure to ensure that his fitness hearing entailed adequate procedures to determine whether he was fit and protect him from being tried while unfit—going to the heart of the constitutional claim on appeal. *** Therefore, though he did not make the precise

legal claim in his petition that he raises on appeal, he alleged enough facts to make out a constitutional claim."

¶ 11    In response, the State asserts both that this argument was procedurally defaulted where it was not *specifically* raised below in the *pro se* postconviction petition and that, alternatively, this argument fails on the merits. We agree with the State that this argument was not raised below and therefore affirm the dismissal of defendant's petition.

¶ 12    The Act specifically provides that a postconviction petition "shall *** clearly set forth the respects in which defendant's constitutional rights were violated." 725 ILCS 5/122-2 (West 2022). The Act also provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022). As such, it is well-recognized that "claims not raised in a petition cannot be argued for the first time on appeal," and this court may not overlook the language contained in section 122-3 of the Act and address claims raised for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 505-06 (2004).

¶ 13    Defendant relies in part on the fact that he filed his petition *pro se* and the low threshold for surviving dismissal of his petition at the first stage. However, a defendant's *pro se* status is not an excuse for the failure to comply with the requirements of the Act. *Jones*, 213 Ill. 2d at 505–06; *People v. Vilces*, 321 Ill. App. 3d 937, 939-40 (2001). In addition, and even considering the low threshold and liberal construction applicable at the first stage, claims that were at best *implicitly* raised below may not be raised on appeal. *People v. Cole*, 2012 IL App (1st) 102499, ¶¶ 11-16; *People v. Reed*, 2014 IL App (1st) 122610, ¶ 63 (appellate court should not recognize "a nonspecific claim *** that is not clearly set forth in the petition"); *Jones*, 213 Ill. 2d at 508 (appellate court is not free to excuse an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition).

¶ 14    We also reject defendant's effort to analogize this appeal to the circumstances presented in *Hodges*, 234 Ill. 2d 1, and *People v. Thomas*, 2014 IL App (2d) 121001. In *Hodges*, 234 Ill. 2d at 21, our supreme court found that "[i]n the case at bar, the issue of whether defendant's *pro se* petition, which focused on self-defense, could be said to have included allegations regarding 'unreasonable belief' second degree murder—*i.e.*, imperfect self-defense—is at minimum the type of 'borderline' question which, under a liberal construction, should be answered in defendant's favor." However, we find that there was a much closer relationship in *Hodges* between the argument in the *pro se* petition (self-defense) and the argument raised on appeal (imperfect self-defense), than exist here between the arguments in the *pro se* petition (failing to initiate a second fitness hearing) and raised on appeal (improperly proceeding by stipulation at the fitness hearing).

¶ 15    And in *Thomas*, 2014 IL App (2d) 121001, ¶ 87, the court rejected the State's waiver argument after concluding that on "appeal from the summary dismissal of defendant's *pro se* petition, counsel needed to tailor the arguments to the petition's factual allegations, which caused a *modest departure* from the legal conclusion contained in the petition." (Emphasis added.) The difference here between the arguments raised in the petition and the arguments now raised on appeal are more than a mere "modest departure." Therefore, we find defendant's claims, which he concedes were raised for the first time on appeal, to be barred by section 122-3 of the Act.

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 17    Affirmed.