2025 IL App (1st) 240626-U
Order filed: July 31, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-0626

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 10 CR 07622 |
| KEYANNA RICHMOND, | ) | Honorable Geraldine D'Souza, Judge, presiding. |
| Defendant-Appellant. | ) | |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The third-stage denial of defendant's postconviction is reversed and this matter is remanded for further proceedings, where defendant overcame the presumption that she was provided with reasonable assistance of counsel in these postconviction proceedings.

¶ 2    Defendant-appellant, Keyanna Richmond, appeals from the third-stage dismissal of the postconviction petition she filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2022)). For the following reasons, we reverse and remand.

¶ 3    Many of the prior proceedings in this matter were fully set out in our prior orders, entered upon defendant's direct appeal and her prior appeal from the previous summary dismissal of her postconviction petition, and need not be fully restated here. See *People v. Richmond*, 2017 IL App

(1st) 1151207-U; *People v Richmond*, 2021 IL App (1st) 182098-U. We therefore restate only those facts necessary to resolve this appeal, with portions of this order taken from our prior decisions.

¶ 4    Defendant and her sister, Janet Richmond, were each charged in a 26-count indictment following an incident on March 24, 2010, in which they were alleged to have used sulfuric acid to injure three victims: their cousins Suprisa Villa-Gomez and Katina Villa-Gomez, and the mother of Suprisa and Katina, Sally Villa-Gomez.

¶ 5    At a pretrial hearing on August 20, 2013, counsel for Janet appeared for both Janet and defendant and informed the court that the plea offer the State had offered to both Janet and defendant had been rejected. Defendant's own trial counsel was not present in court on that date. The prosecutor stated that the offer to defendant and Janet was a recommendation of a six-year sentence on one count of heinous battery. The court informed both defendant and Janet that they were charged with Class X offenses carrying a sentencing range of "6 to 30 years," meaning the State's offer was for the "minimum." In response to questions posed by the court to both defendant and Janet, defendant affirmed that she understood this, and that it was her decision to refuse the offer after speaking to her attorney. Defendant further affirmed that she understood she could face a longer prison term if she were found guilty following trial.

¶ 6    The State proceeded to trial on one count of heinous battery and one count of aggravated battery as to each victim. Following a bench trial, defendant was found guilty of three counts of heinous battery (720 ILCS 5/12-4.1(a) (West 2010)) and sentenced to one nine-year term of imprisonment to run consecutively to two concurrent six-year terms of imprisonment. Defendant appealed, arguing that her sentence was excessive, that she was entitled to a new sentencing hearing pursuant to section 5-4.5-105 of the Uniform Code of Corrections (730 ILCS 5/5-4.5-105

(West 2016)), and that her sentence resulted from an equal protection clause violation. In an order entered on September 1, 2017, this court affirmed. *Richmond*, 2017 IL App (1st) 1151207-U.

¶ 7    On June 27, 2018, defendant filed a *pro se* petition pursuant to the Act. In pertinent part, defendant alleged ineffective assistance of counsel during pretrial plea proceedings where "[i]t is a counselor's duty to advise and inform his client of penalties and consequences of trial, and charges and conviction." Despite this duty, the petition specifically asserted that her trial counsel advised her to reject a plea offer of six years' imprisonment for heinous battery prior to trial and promised she would "receive probation" after trial. She further alleged that counsel manipulated her to proceed to trial although she wanted to accept the "plea of the minimum." Had she been "intelligently made aware of her options and not manipulated by counsel," she would have accepted the State's plea offer. Defendant attached her affidavit, which in relevant part alleged:

> "My attorney promised me probation if I let him take me to trail [*sic*] and argue my case he would win. I didn't want to go to trail [*sic*] but he told me to. I wanted to accept the six years the State offer[ed] but he said no."

¶ 8    On August 3, 2018, the circuit court summarily dismissed defendant's petition, stating in open court that: "All claims could have been raised on appeal." Defendant previously appealed that decision, arguing that the circuit court erred by dismissing her petition because it set forth an arguable claim for ineffective assistance during plea bargaining based on trial counsel providing erroneous legal information which caused defendant to reject the State's pretrial offer. In an order entered on January 15, 2021, this court agreed, reversed, and remanded this matter for second-stage proceedings. *Richmond*, 2021 IL App (1st) 182098-U.

¶ 9    Upon remand, postconviction counsel was appointed to represent defendant. On July 26, 2023, postconviction counsel filed a Rule 651(c) certificate, attesting that:

"1. I have consulted with the petitioner, Keyanna Richmond, by phone, mail, electronic means or in person to ascertain [her] contentions of deprivation of constitutional rights.

2. I have examined the record of proceedings at the trials, including common law record, report of proceedings and any exhibits in possession of the Clerk of the Circuit Court.

3. I have made amendments to the petition filed *pro se*, they are necessary for an adequate presentation of petitioner's contentions."

¶ 10 On that same date, postconviction counsel also filed a supplemental postconviction petition elaborating on the claim of ineffective assistance of counsel during plea negotiations. The supplemental petition alleged, as had the *pro se* petition, that trial counsel provided defendant with ineffective assistance in advising her to reject the State's plea offer of six years in prison and advising that if she was convicted at trial she would receive probation or boot camp. Specifically, the supplemental petition argued that:

"In this case, Keyanna Richmond was offered 6 years in the Illinois Department of Corrections in exchange for a plea of guilty. Ms. Richmond rejected the offer. At the time she rejected the offer, Ms. Richmond was under the mistaken belief that she would get probation or boot camp if she proceeded to trial. (*See attached affidavit*) This belief was based on incorrect advice from her attorney because the charges did not allow for probation or boot camp as a possible sentence. Had she known that this was not an option, she would have taken the plea offer for 6 years, which was significantly less than the 15 years she ultimately received. The incorrect advice, coupled with the considerably larger sentence received as a result of going to trial, satisfy both prongs of *Strickland*."

Of note, the supplemental petition also asserted that: "Though Keyanna Richmond was admonished by the court on August 20, 2013, as to the minimum and maximum penalties, Ms. Richmond was never told by the court that the offense was non-probationable."

¶ 11     Another affidavit executed by defendant was attached to the supplemental petition. Therein, defendant generally averred that her trial counsel advised her that she would "probably" receive probation or boot camp if convicted, advised her to reject the State's plea offer, that she only learned that probation was not a possibility at sentencing, and that had she "known of the actual minimum sentence regarding my case, I would have accepted the State's offer of 6 year[s] in the Illinois Department of Corrections."

¶ 12     The State agreed to a third-stage evidentiary hearing on this claim, which was held on March 15, 2024. At the hearing, both defendant and her trial attorney testified. At the conclusion of the hearing, the circuit court denied defendant's ineffectiveness claim, concluding that:

> "I did find the attorney's testimony to be credible, that he did not tell the defendant or the petitioner in this matter this would be a probationable offense, that he would get her probation, that she should reject the offer. The fact that she believed she could receive probation is rebutted by the trial transcripts, which show that on August 20, 2013, she was advised through the admonishments of the Court regarding the defendant's rejected plea offer, where the Court advised the State's offer was the minimum. The defendant affirmed she understood and further affirmed she decided to reject the offer on her own accord after discussing it with her attorney. So, based on all the testimony that's been received, the credibility of the witnesses presented, your petition at third-stage hearing is denied and dismissed."

¶ 13    Defendant thereafter filed a timely notice of appeal. On appeal, defendant does not challenge the substantive merits of the denial of her postconviction petition at the third stage. Rather, she contends that her appointed postconviction counsel did not provide reasonable assistance during the second and third stages of these postconviction proceedings. Because we conclude that defendant did not receive reasonable assistance at the second stage of these proceedings, we reverse and remand.

¶ 14    The Act provides a procedural mechanism through which a defendant may assert that his conviction or sentence resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2022). The Act provides a three-stage process for adjudication of a postconviction petition. *People v. Applewhite*, 2020 IL App (1st) 142330-B, ¶ 15. At the first stage of a postconviction proceeding, the postconviction court must assess the petition, taking the allegations as true, and determine if it is frivolous or patently without merit such that it failed to state the gist of a meritorious constitutional claim. *Id.*; *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis in either fact or law. *People v. Tate*, 2012 IL 112214, ¶ 9 ("the threshold for survival [is] low").

¶ 15    If the petition survives first-stage dismissal, it advances to the second stage, where counsel may be appointed to an indigent defendant and the State may file a motion to dismiss or an answer to the petition. 725 ILCS 5/122-4, 122-5 (West 2022). At this stage, the court must determine whether defendant has made a substantial showing of a violation of her constitutional rights. *People v. Domagala*, 2013 IL 113688, ¶ 33. If the petition advances to the third stage, the court will conduct an evidentiary hearing where the circuit court receives evidence and determines whether defendant is entitled to relief. 725 ILCS 5/122-6 (West 2022).

¶ 16    In postconviction proceedings, there is no constitutional right to the assistance of counsel, and the right to counsel is "a matter of legislative grace." (Internal quotation marks omitted.) *People v. Addison*, 2023 IL 127119, ¶ 19. "[A] postconviction petitioner is entitled only to the level of assistance granted by the Act," which our supreme court has labeled "a reasonable level of assistance." (Internal quotation marks omitted.) *Id*. This standard is "significantly lower than the one mandated at trial by our state and federal constitutions." (Internal quotation marks omitted.) *People v. Huff*, 2024 IL 128492, ¶ 21. Postconviction counsel is appointed "not to protect postconviction petitioners from the prosecutorial forces of the State but to shape their complaints into the proper legal form and to present those complaints to the court." *Addison*, 2023 IL 127119, ¶ 19.

¶ 17    Under the Act, counsel appointed at the second stage must provide only a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). To provide a reasonable level of assistance, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) provides that postconviction counsel: (1) consult with defendant—either by mail or in person—to ascertain his claims of deprivation of constitutional rights; (2) examine the trial record; and (3) amend the *pro se* petition where necessary for an adequate presentation of defendant's contentions. Postconviction counsel's compliance with Supreme Court Rule 615(c) is mandatory and generally shown by the filing of a certificate averring to such performance. *People v. Perkins*, 229 Ill. 2d 34, 50 (2007).

¶ 18    The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance during second-stage proceedings under the Act. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. The burden is on the defendant to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Id*. ¶ 23. The presumption of compliance may be rebutted by

the record. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007). Where postconviction counsel fails to comply with the requirements of Rule 651(c), the proper remedy on appeal is to remand for further postconviction proceedings. See *Suarez*, 224 Ill. 2d at 47 (recognizing that our supreme court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit."). Our review of postconviction counsel's compliance with Rule 651(c) is *de novo*. *Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 19    As an initial matter, we agree with the State that a rebuttable presumption that postconviction counsel provided reasonable assistance during the second-stage proceedings below was created by the filing of a Rule 651(c) certificate. *Jones*, 2011 IL App (1st) 092529, ¶ 23. As such, it is defendant's burden to overcome this presumption by demonstrating that postconviction counsel failed to substantially comply with the duties imposed by Rule 651(c). *Id*. We conclude that defendant has met this burden on appeal.

¶ 20    We note again that Rule 651(c) (eff. July 1, 2017) provides that reasonable assistance of postconviction counsel includes the duty to "examine[] the record of the proceedings at the trial." Here, the record reflects postconviction counsel's failure to substantially comply with this requirement in at least two significant respects. First, the record on appeal is quite clear that defendant's trial counsel was not even present at the pretrial hearing on August 20, 2013, at which defendant formally rejected the State's plea offer and the trial court provided admonishments. Rather, it was counsel for defendant's codefendant and sister that appeared on behalf of defendant at that critical hearing. Nowhere in the supplemental petition filed by postconviction counsel is this critical fact recognized or addressed, raising a significant question as to postconviction counsel's review of the record at the second stage.

¶ 21    Also raising such a question is the fact that in the supplemental petition, postconviction counsel specifically asserted that: "Though Keyanna Richmond was admonished by the court on August 20, 2013, as to the minimum and maximum penalties, Ms. Richmond was never told by the court that the offense was non-probationable." As even the State concedes on appeal, this is incorrect as the admonishments provided by the trial court on that date were both inaccurate and incomplete.

¶ 22    First, the sentence range applicable to the heinous battery statute in effect at the time provided for a sentence of between 6 and 45 years in prison, not between 6 and 30 years as the trial court erroneously stated. See 720 ILCS 5/12-4.1(b) (West 2010). In addition, the trial court failed to make any mention of truth-in-sentencing provisions, which mandated defendant would be required to serve at least 85 percent of her sentence due to the categorization of her offense. See 730 ILCS 5/3-6-3(a)(2) (West 2010) (permitting no more than 4.5 days per month of credit for good conduct to accrue on a prison sentence for heinous battery). Moreover, the trial court entirely neglected to mention the possibility of consecutive sentences. See 730 ILCS 5/5-8-4(d)(1) (West 2010). Notably, Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 2012) requires that when the court advises on potential penalties in the plea context, the court should make sure the defendant understands "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." As such, we find that postconviction counsel's concession that defendant "was admonished by the court on August 20, 2013, as to the minimum and maximum penalties" reflects a lack of a proper review and/or understanding of the "record of the proceedings at the trial," as required by Rule 651(c).

¶ 23    Rule 651(c) (eff. July 1, 2017) also requires postconviction counsel to make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." A defendant may establish noncompliance with Rule 651(c) "by, *inter alia*, demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition. *** This includes making amendments that are necessary to overcome procedural bars." *Addison*, 2023 IL 127119, ¶ 21.

¶ 24    Defendant's *pro se* petition specifically asserted, *inter alia*, that she received ineffective assistance of counsel during pretrial plea proceedings where "[i]t is a counselor's duty to advise and inform his client of penalties and consequences of trial, and charges and conviction. This *pro se* petitioner was not intelligently informed of consequence [*sic*]." She also alleged that had she been "intelligently made aware of her options and not manipulated by counsel," she would have accepted the State's plea offer. These allegations not only support her assertion that her trial counsel personally provided incorrect advice and/or manipulated her, they also more broadly implicate the failure of trial counsel to object to or correct the trial court's admonishments at the August 20, 2013, hearing, a hearing at which her trial counsel was not even present. And the record purportedly reviewed by postconviction counsel included direct evidence to support such a claim.

¶ 25    We find that the supplemental petition filed by postconviction counsel did not adequately support this broader allegation with evidence from the record in violation of the requirements of Rule 651(c). See *People v. Johnson*, 154 Ill. 2d 227, 245 (1993) ("Post-conviction counsel had an obligation to present the defendant's post-conviction claims to the court in appropriate legal form. At a minimum, counsel had an obligation to attempt to obtain evidentiary support for claims raised in the post-conviction petition.") To the extent that such an argument could have been but was not raised on direct appeal, our supreme court has also recognized that postconviction counsel has a

duty to reframe such arguments into a claim of ineffective assistance of appellate counsel to avoid any procedural bar. *Addison*, 2023 IL 127119, ¶¶ 21, 44.

¶ 26    And finally, postconviction counsel's incorrect concession in the supplemental petition that defendant "was admonished by the court on August 20, 2013, as to the minimum and maximum penalties" deprived defendant of important support from the record for her claims. "Thus, we are faced with the unusual situation in which postconviction counsel, in one significant sense, made the *pro se* petition worse by amending it." *Addison*, 2023 IL 127119, ¶ 24. Doing so is a violation of the requirements of Rule 651(c) and constitutes unreasonable assistance of postconviction counsel. *Id*. ¶¶ 24-26.

¶ 27    Having concluded that postconviction counsel failed to comply with Rule 651(c), we must remand for further second stage proceedings. See *Suarez*, 224 Ill. 2d at 47 (recognizing that our supreme court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit."). The fact that this petition proceeded to the third stage below is irrelevant, as case law "clearly establishes that all postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined." (Emphasis omitted.) *Addison*, 2023 IL 127119, ¶ 37. Furthermore, while defendant raises other challenges to her postconviction counsel's performance on appeal, we need not address them. Having concluded that there was a violation of Rule 651(c), the "effect of this violation is the same regardless of whether counsel's performance was also deficient in other ways." *Addison*, 2023 IL 127119, ¶ 27.

¶ 28    Finally, defendant has requested that new postconviction counsel be appointed to represent her on remand. We agree with and grant that request. *People v. Schlosser*, 2017 IL App (1st)

150355, ¶ 36 (postconviction counsel's failure to provide a reasonable level of assistance requires appointment of new counsel on remand).

¶ 29     For the foregoing reasons, the judgment of the circuit court is reversed, and this matter is remanded for additional second-stage postconviction proceedings with the appointment of new counsel and compliance with Rule 651(c).

¶ 30     Reversed and remanded.